UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ASMEROM KIDANE,

Petitioner,

v.                                                          CAUSE NO. 3:26cv235 DRL-SJF

BRIAN ENGLISH,

Respondent.

OPINION AND ORDER

Immigration detainee Asmerom Kidane filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Kidane is a Sudanese native who entered the United States as a refugee in 1993. On August 2, 2010, he was convicted of robbery and possession of crack cocaine with intent to deliver in Pennsylvania. On December 2, 2010, an immigration judge ordered him removed. Efforts to remove Mr. Kidane to Sudan failed because Sudan refused to issue him travel documents, and United States Immigration and Customs Enforcement (ICE) released him on an order of supervision after ten months of detention. He has no Sudanese identification documents or current relationships with anyone in Sudan. On August 5, 2025, ICE detained him again, and he is currently held at the Miami Correctional Facility.

On March 3, 2026, the Warden filed a status report, stating that the government has requested travel documents from Sudan and South Sudan but that it was unlikely that Mr. Kidane would be removed within thirty days. Government correspondence indicates that

the government requested travel documents from Sudan on September 10, 2025, and from South Sudan on October 7, 2025. However, on March 6, 2026, the Warden filed a response brief representing that Sudan and South Sudan denied these requests. The Warden also alleged that Mr. Kidane has not cooperated with removal efforts by refusing to complete a travel documents application. He supported this allegation with a notice of failure to comply indicating that Mr. Kidane refused to complete and sign a travel document application form on February 12, 2026.

In an initial round of briefing, Mr. Kidane argued that he was entitled to habeas relief under *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001), because his removal to Sudan was not reasonably foreseeable. The Warden conceded that Sudan and South Sudan had recently denied requests for travel documents on his behalf. However, the Warden also alleged that Mr. Kidane had declined to cooperate with the government's removal efforts by refusing to sign the travel document application on February 12, 2026, and argued that this refusal should preclude any finding that removal would not occur within the reasonably foreseeable future.

On April 24, 2026, the court agreed that the rule proposed by the Warden was a sensible one but observed that the precise relationship between the incomplete application and removal efforts was unclear given that South Sudan and Sudan appeared to have been ruled out and given that the government identified no other country for removal. The court ordered a supplemental round of briefing to address this issue. The parties have filed the supplemental round of briefing, so the petition is now ready to be decided.

In support of the supplemental brief, the respondent attached an affidavit in which an ICE official attests that the removal order designated both Eritrea and Sudan as removal countries. He further attests that, on February 12 and on February 13, 2026, Mr. Kidane refused to prepare a travel document application for Eritrea. On February 26, 2026, Mr. Kidane refused to acknowledge service of a notice that he failed to comply with removal efforts.

In his supplemental brief, Mr. Kidane represents that, on February 19, 2026, ICE summoned him for an individual meeting but then later excused him without holding a meeting. The following week, an ICE officer asked him to sign a failure to comply form, but the ICE officer "recalled the events from the previous week and assured [Mr. Kidane] that he would straighten things out."

After reviewing the supplemental round of briefing, the court finds that the respondent has adequately clarified the connection between Mr. Kidane's refusal to sign a travel document application and the government's efforts to remove him. Specifically, Mr. Kidane's refusal to sign the application frustrated the government's efforts to remove him to Eritrea. That refusal occurred on February 12 and February 13, 2026. Mr. Kidane's explanation regarding the events that occurred on February 19, 2026, and the following week is insufficient to create a genuine dispute of material fact as to what occurred on February 12 and February 13, 2026. The record demonstrates that Mr. Kidane's refusal to complete a travel document application is frustrating the government's efforts to remove him, so the court declines to grant habeas relief under *Zadvydas*.

Next, the court will address Mr. Kidane's other habeas claims. Mr. Kidane argues that he is entitled to habeas relief because he has not received a custody review after 180 days of detention, but review of the notice of failure to comply reveals that it also served as notice of a custody review. Mr. Kidane also argues that he is entitled to a bond hearing, but release on bond is not authorized by 8 U.S.C. § 1231, the statute under which he is detained, and Mr. Kidane provides no specific explanation as to why he believes he is entitled to bond hearing given that his removal proceedings are no longer pending. Finally, Mr. Kidane argues that his rehabilitation, family ties to the United States, and his status as a refugee and stateless citizens weigh in favor of releasing him. However, this claim does not suggest that Mr. Kidane is in custody in violation of federal law, so it is not a basis for habeas relief. *See* 28 U.S.C. § 2241(c). Because no other claims remain, the court denies the habeas petition.

For these reasons, the court DENIES the habeas petition [1] and DIRECTS the clerk to close this case.

SO ORDERED.

June 4, 2026                                            *s/ Damon R. Leichty*
                                                       Judge, United States District Court

4